IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL INSURANCE CO., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 08-cv-4284 |
| YELLOW TRANSPORTATION, INC., | ) ) ) |
| Defendant. | ) |

### ANSWER

For its answer and affirmative defenses to the Complaint of plaintiff Federal Insurance Company ("Federal"), defendant Yellow Transportation, Inc. ("Yellow") states and alleges as follows:

Unless specifically admitted in this Answer, all claims, theories, allegations and paragraphs in plaintiff's Complaint are denied.

1. Yellow admits the allegations of paragraph 1 of plaintiff's Complaint.

2. Yellow admits that it transported an item identified on Bill of Lading No. 300 127722X as a "Laminator" from Chicago, Illinois to Houston, Texas on or about September 13, 2007. Yellow lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2 of plaintiff's Complaint and, therefore, denies the same.

3. Yellow admits that it is a motor common carrier for hire and that it transported an item identified on Bill of Lading No. 300 127722X as a "Laminator." Yellow denies the remaining allegations of paragraph 3 of plaintiff's Complaint.

4. Yellow denies the allegations of paragraph 4 of plaintiff's Complaint.

5. Paragraph 5 of plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response to paragraph 5 of plaintiff's Complaint is required,

Yellow lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 5 of plaintiff's Complaint and, therefore, denies the same.

6. Yellow denies the allegations of paragraph 6 of plaintiff's Complaint

**WHEREFORE**, for the reasons set forth above, defendant Yellow requests that plaintiff take nothing, that its Complaint be dismissed, and that a judgment be entered in favor of Yellow for its reasonable attorneys' fees and costs, and for such other and further relief as this Court deems just and proper

## AFFIRMATIVE DEFENSES

For its affirmative defenses to Plaintiff's Complaint, defendant Yellow states as follows:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. If plaintiff suffered any damages, which are expressly denied, the negligence or fault of non-joined parties must be compared, which bars or diminishes plaintiff's right to recover herein.

3. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

4. Plaintiff's claims are barred by prior payment.

5. Yellow met all of its obligations under all agreements.

6. Yellow acted reasonably under the circumstances of this case.

7. Whatever shipment Yellow received for transportation was accepted in accordance with and subject to all the terms and conditions of the Uniform Straight Bill of Lading and Yellow's effective rates, rules, classifications and tariffs, and the rules and regulations of the Federal Motor Carrier Safety Administration, which together form the contract of carriage for the transportation of said shipment and define the responsibilities of Yellow in

this matter. Yellow duly performed all of the terms and conditions thereunder which it was required to perform.

8. Yellow's liability to plaintiff, if any, is limited to the declared or released rate valuation in accordance with the Bill of Lading and Yellow's rates, rules, classifications and tariffs governing the subject shipment.

9. Under the Bill of Lading contract, Yellow is not liable for any loss or damage caused by or resulting from an act, omission or order of the shipper, or from a defect or inherent vice of the article, improper labeling, or improper packaging, packing or loading of the shipment by the shipper.

10. The Bill of Lading contract and Yellow's rates, rules, classifications and tariffs do not contemplate carrier responsibility for special damages such as loss of use, loss of revenue, lost profits, additional contractor costs and the like. To the extent any of the damages sought by plaintiff in its Complaint constitute special damages, Yellow is not liable.

11. To the extent plaintiff is asserting any state-law claims against Yellow, the Carmack Amendment to the ICCTA, 49 U.S.C. § 14706, preempts plaintiff's state law claims against Yellow.

12. To the extent plaintiff is asserting any federal common law claims against Yellow, the Carmack Amendment to the ICCTA, 49 U.S.C. § 14706, preempts plaintiff's federal common law claims against Yellow

13. Yellow reserves the right to plead any additional defenses as they become known through discovery in this case.

**WHEREFORE**, defendant requests judgment dismissing with prejudice Plaintiff's Complaint and awarding defendant Yellow its reasonable attorneys' fees and costs in this action.

Respectfully submitted,

NOWELL AMOROSO KLEIN BIERMAN, P.A.

/s/ William D. Bierman

William D. Bierman, Esq.
155 Polifly Road
Hackensack, New Jersey 07601
Telephone:    (201) 343-5001
Facsimile:    (201) 343-5181
E-mail: tmartin@nakblaw.com

*Attorneys for Yellow Transportation, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served via the Court's CM/ECF system this 2nd day of June, 2007, upon:

Harold Kingsley
KINGSLEY, KINGSLEY & CALKINS
91 West Cherry Street
Hicksville, New York 11801
Telephone: (516) 931-0064
E-mail: hmk@kingsleyandkingsley.com

*Attorney for Plaintiff*
*Federal Insurance Company*

/s/ William D. Bierman
Attorney